IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-19-0036 |
| DIONTAYE DEMORY | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM AND ORDER**

Now pending before the Court is Defendant's MOTION FOR CRIMINAL HISTORY "STATUS POINTS" REDUCTION PURSUANT TO "NEW" AMENDMENT #821 (ECF No. 1300). The Government has responded (ECF No. 1398) and the motion is ripe for determination. The motion will be DENIED.

In considering this motion, the Court has reviewed the full record in the case, the terms of the Defendant's plea agreement (which entitled him to a sentence far below the guidelines range) and finally, all of the sending factors set out in the relevant federal statute, 18 U.S.C. § 3553(a).

First, the Court notes that the Defendant received a sentence of 96 months which fell within the parties' stipulated range of 84-120 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The plea bargain itself shows that the parties were not really navigating within the sentencing guidelines when they struck their deal (nor were they required to). The main objective for the Defendant seemed to be avoidance of a 120-month mandatory minimum sentence that would accompany conviction on another count to which he apparently had substantial exposure. That count was dismissed as part of the deal. Accordingly, because the sentencing guidelines were not a significant factor in the determination of the Defendant's sentencing in the

first place, and because the sentence imposed fell well below the range that the Court deemed applicable in the circumstance (see STATEMENT OF REASONS, ECF No. 738, P. 1), no relief is warranted.

Even if the sentencing guidelines had figured more prominently in the determination of the Defendant's sentence such that he was in the heartland for Amendment 821 consideration, and even considering that the Court now finds that his criminal history category should be IV, not V, in light of the Amendment, when the factors enumerated in § 8553(a) are nonetheless applied, no reduction in sentence is justified. The Defendant has a substantial and serious prior criminal history involving robbery, firearms, and the distribution of illegal drugs. The nature and circumstances of the instant offense show the Defendant was again involved in the distribution of illegal drugs and the possession of firearms and ammunition in direct relation thereto. His crime was a serious one in light of the rampant, drug-related violence in our community, and there is a substantial community interest in vindicating the legitimacy of the laws prohibiting this sort of conduct. The Defendant has a substantial prior record, and a significant sentence is warranted to achieve specific deterrence. Further, Baltimore is badly afflicted with guns and drugs, and there is an important objective of general deterrence associated with this sentencing. By virtue of his record and his involvement in the instance offense, the Defendant poses a danger to the community, and their protection is a significant factor in deciding what sentence is appropriate. The Defendant's sentence is not disproportionate to those imposed on others involved in similar conduct with similar records. The Defendant's training and/or treatment are not significant factors in deciding how much time to impose. Last, if the Court gives any deference to the calculation of the Federal Sentencing Guidelines, even with the criminal history falling in category IV the current sentence of 96 months is substantially below what the Sentencing Commission recommends.

So, while the Defendant may not be entitled to a wholesale reconsideration of the § 3553(a) factors, to the extent he is, those factors weigh heavily in favor of the current sentence, 96 months, without a downward modification pursuant to Amendment #821. In the first instance the Defendant received a lenient sentence; reduction now is not indicated after the § 3553(a) factors have been applied.

It is ORDERED that the Defendant's motion (ECF No. 1300) is DENIED.

Dated this __28__ day of February, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge